IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DIANA M. BELL, et al., | : | |
| Plaintiffs, | : | |
| v. | : | Civil Action Nos. GLR-18-1077, GLR-18-1078 |
| DEUTSCHE BANK NATIONAL, TRUST COMPANY, et al., | : | |
| | : | |
| Defendants. | | |

# MEMORANDUM OPINION

THIS MATTER is before the Court on Defendants Deutsche Bank National Trust Company ("Deutsche Bank") and Ocwen Loan Servicing, LLC's ("Ocwen") Motion to Dismiss the Complaint with Prejudice (ECF No. 6),[1] Defendants BWW Law Group, LLC ("BWW") and Carrie M. Ward's Motion to Dismiss (Bell II, ECF No. 7), and Plaintiffs Diana M. Bell and James F. Bell's (collectively, "the Bells") Motion for Leave to File Surreply (ECF No. 16).[2] The Motions are ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2018). For the reasons outlined below, the Court will grant Defendants' Motions and deny the Bells' Motion.

---

[1] Unless otherwise indicated, all citations to the Court's Case Management and Electronic Case Files ("CM/ECF") system refer to filings in the lead case, Diana M. Bell, et al. v. Deutsche Bank National Trust Company, et al. (Bell I), No. GLR-18-1077 (D.Md. filed Apr. 13, 2018), not Diana M. Bell, et al. v. BWW Law Group, LLC, et al. (Bell II), No. GLR-18-1078 (D.Md. filed Apr. 13, 2018).

[2] Also pending before the Court is the Bells' Motion to Consolidate (ECF No. 13). In their Motion, the Bells request that Bell II, be consolidated with Bell I. On June 20, 2018, the Court consolidated these cases. Accordingly, the Court will deny the Bells' Motion as moot.

## I. BACKGROUND[3]

On September 13, 2006, Ms. Bell executed a Deed of Trust with Fremont Investment and Loan to secure repayment of a loan in the original principal amount of $225,250.00 (the "Loan"). (Compl. at 3, ECF No. 1; Defs.' Mot. Dismiss ["Defs.' Mot."] Ex. A at 1–2, ECF No. 6-2).[4] The Deed of Trust was recorded as a lien on the residential property located at 2135 Wildwood Trail, Pocomoke City, Maryland 21851 (the "Property"). (Compl. at 3; Defs.' Mot. Ex. A at 1). Ms. Bell is the owner of record for the Property. (Defs.' Mot. Ex. B at 1, ECF No. 6-3). At some point, the Loan was assigned to Deutsche Bank. (See Defs.' Mot. Ex. C at 2, ECF No. 6-4; Pls.' Request Dismiss Defs.' Mot. Dismiss ["Pls.' Opp'n"] Ex. 1 at 1, ECF No. 12-1). On April 2, 2017, Ms. Bell defaulted on the Loan. (Defs.' Mot. Ex. C at 2). BWW sent Ms. Bell a dunning letter on August 22, 2017 (the "Dunning Letter"), attempting to collect the outstanding balance on the Loan. (Compl. at 2; Defs.' Mot. Ex. C at 1; Pls.' Opp'n Ex. 1 at 1).

On November 9, 2017, Ward and other BWW attorneys initiated a foreclosure action against Ms. Bell in the Circuit Court for Worcester County, Maryland (the "Foreclosure Action"). See Ward v. Bell, No. C-23-CV-17-000380 (Cir. Ct. Worcester Cty. filed Nov. 9, 2017).[5] As part of the Foreclosure Action, Ward submitted to the

---

[3] Unless otherwise noted, the Court describes facts taken from the Complaints in Bell I and Bell II and accepts them as true. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations omitted). The Court cites only to the Complaint in Bell I because, with the exception of the captions, the Complaints in both cases are identical.

[4] Citations to the Complaints, Exhibit 1 to the Bells' Opposition, and the Exhibits to Deutsche Bank and Ocwen's Motion refer to the pagination CM/ECF assigned.

[5] "[A] court may properly take judicial notice of 'matters of public record' and other information that, under Federal Rule of Evidence 201, constitute 'adjudicative

Circuit Court an affidavit, dated October 30, 2017, attesting to Deutsche Bank's ownership of the Loan and the amounts due and owing on the Loan (the "Affidavit"). (See Compl. at 2; Defs.' Mot. Ex. C at 2–3; Pls.' Opp'n Ex. 1 at 4–5).

On April 13, 2018, the Bells, proceeding pro se, sued Deutsche Bank, Ocwen, BWW, and Ward. (ECF No. 1; Bell II, ECF No. 1). The identical seven-Count Complaints allege: (1) violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 et seq. (2018); (2) negligence; (3) fraudulent concealment;[6] (4) fraud in the inducement; (5) slander of title; (6) declaratory relief; and (7) rescission under the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 et seq. (2018). (Compl. at 8–13, ECF No. 1; Compl. at 8–13, Bell II, ECF No. 1). The Bells seek declaratory relief, money damages, and attorney's fees and costs. (Compl. at 13; Compl. at 13, Bell II).

On May 25, 2018, Deutsche Bank and Ocwen filed a Motion to Dismiss the Complaint with Prejudice. (ECF No. 6). The Bells filed an Opposition on June 14, 2018. (ECF No. 12). On June 28, 2018, Deutsche Bank and Ocwen filed a Reply. (ECF No. 14). The Bells filed a Motion for Leave to File Surreply on July 30, 2018. (ECF No. 16). To date, the Court has no record that either Deutsche Bank or Ocwen filed an Opposition.

---

facts.'" Goldfarb v. Mayor of Balt., 791 F.3d 500, 508 (4th Cir. 2015) (quoting Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009)); see Fed.R.Evid. 201(b)(2). Accordingly, the Court will take judicial notice of facts from Maryland Judiciary Case Search regarding the Foreclosure Action. See Ward v. Bell, Maryland Jud-iciary Case Search, http://casesearch.courts.state.md.us/casesearch/inquirySearch.jis (Under "Search By Case Number," select "Worcester County Circuit Court" and enter case number "C23CV17000380"; and then select "Get Case.").
[6] The Bells title this Count "fraud in the concealment."

On May 29, 2018, BWW and Ward filed their Motion to Dismiss. (Bell II, ECF No. 7). The Bells filed an Opposition on June 18, 2018. (Bell II, ECF No. 14). To date, the Court has no record that BWW and Ward filed a Reply.

## II. DISCUSSION

### A. Motion for Leave to File Surreply

The Bells request leave of the Court to respond to "new arguments and factual claims" made in BWW's Reply. (Pls.' Mot. Leave File Surreply at 1, ECF No. 16).[7]

"Unless otherwise ordered by the Court, surreply memoranda are not permitted to be filed." Local Rule 105.2(a) (D.Md. 2018). Typically, "[s]urreplies may be permitted when the moving party would be unable to contest matters presented to the court for the first time in the opposing party's reply." Khoury v. Meserve, 268 F.Supp.2d 600, 605 (D.Md. 2003) (citing Lewis v. Rumsfeld, 154 F.Supp.2d 56, 61 (D.D.C. 2001)).

The Court will deny the Bells' Motion for at least three reasons. First, BWW never filed a Reply. Second, to the extent the Bells' Surreply could be construed as responding to arguments made in Deusche Bank and Ocwen's Reply, Deutsche Bank and Ocwen did not present any new facts or arguments in their Reply. They only address arguments the Bells raised in their Opposition, or reiterate arguments raised in their Motion. Third, the Bells' Motion does not address any novel arguments or factual assertions. It merely reiterates allegations in the Complaints, sets forth the procedural history of this case, and

---

[7] Citations to the Bells' Motion for Leave to File Surreply refer to the pagination CM/ECF assigned.

attaches documents they referred to in the Complaints. Thus, the Court will deny the Bells' Motion.

**B.     Motions to Dismiss**

   **1.     Standard of Review**

The purpose of a Rule 12(b)(6) motion is to "test[ ] the sufficiency of a complaint," not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999)). A complaint fails to state a claim if it does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), or does not "state a claim to relief that is plausible on its face," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555). Though the plaintiff is not required to forecast evidence to prove the elements of the claim, the complaint must allege sufficient facts to establish each element. Goss v. Bank of America, N.A., 917 F.Supp.2d 445, 449 (D.Md. 2013) (quoting Walters v. McMahen, 684 F.3d 435, 439 (4th Cir. 2012)), aff'd sub nom., Goss v. Bank of America, NA, 546 F.App'x 165 (4th Cir. 2013).

5

In considering a Rule 12(b)(6) motion, a court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. Albright v. Oliver, 510 U.S. 266, 268 (1994); Lambeth v. Bd. of Comm'rs, 407 F.3d 266, 268 (4th Cir. 2005) (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). But, the court need not accept unsupported or conclusory factual allegations devoid of any reference to actual events, United Black Firefighters v. Hirst, 604 F.2d 844, 847 (4th Cir. 1979), or legal conclusions couched as factual allegations, Iqbal, 556 U.S. at 678.

Pro se pleadings are liberally construed and held to a less stringent standard than pleadings drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)); accord Brown v. N.C. Dep't of Corr., 612 F.3d 720, 722 (4th Cir. 2010). Pro se complaints are entitled to special care to determine whether any possible set of facts would entitle the plaintiff to relief. Hughes v. Rowe, 449 U.S. 5, 9–10 (1980). But even a pro se complaint must be dismissed if it does not allege "a plausible claim for relief." Forquer v. Schlee, No. RDB-12-969, 2012 WL 6087491, at *3 (D.Md. Dec.4, 2012) (citation and internal quotation marks omitted). "While pro se complaints may 'represent the work of an untutored hand requiring special judicial solicitude,' a district court is not required to recognize 'obscure or extravagant claims defying the most concerted efforts to unravel them.'" Weller v. Dep't of Soc. Servs. for Balt., 901 F.2d 387, 391 (4th Cir.1990) (quoting Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir.1985)).

## 2. Relevant Materials and Allegations

Before reaching the merits of Defendants' Motions, the Court must determine which extra-pleading materials it can consider in assessing the Motions and address the Bells' attempts to amend their Complaints through their Opposition.

### i. Extra-pleading materials

The general rule is that a court may not consider extrinsic evidence when resolving a Rule 12(b)(6) motion. See Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC, 794 F.Supp.2d 602, 611 (D.Md. 2011). But this general rule is subject to several exceptions. First, a court may consider documents attached to the complaint, see Fed.R.Civ.P. 10(c), as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic, see Blankenship v. Manchin, 471 F.3d 523, 526 n.1 (4th Cir. 2006). Second, a court may consider documents referred to and relied upon in the complaint—"even if the documents are not attached as exhibits." Fare Deals, Ltd. v. World Choice Travel.com, Inc., 180 F.Supp.2d 678, 683 (D.Md.2001); accord New Beckley Mining Corp. v. Int'l Union, United Mine Workers of America, 18 F.3d 1161, 1164 (4th Cir. 1994). Third, a Court may consider matters of public record. Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

The Bells attach several documents to their Opposition, including: (1) a mortgage fraud analysis from Fraud Stoppers, (Pls.' Opp'n Ex. 1 at 25–28); (2) the Dunning Letter, (id. at 1); (3) a September 20, 2017 letter from the Bells to BWW disputing the debt in the Dunning Letter, (id. at 2); (4) a September 25, 2017 response from BWW to the dispute letter, (id. at 3); (5) the Affidavit, (id. at 4–5); (6) their

7

marriage certificate and Mr. Bell's power of attorney for Ms. Bell, (id. at 10–16); and (7) credit reports from Experian and Equifax, (id. at 33–37).[8] Only the Dunning Letter and the Affidavit are referred to and relied on in the Complaints, and Defendants do not dispute their authenticity. Indeed, Deutsche Bank and Ocwen also attach the Dunning Letter and the Affidavit to their Motion. (Defs.' Mot. Ex. C at 1–3). The other documents do not fall under any of the exceptions. Accordingly, the Court will consider the Dunning Letter and the Affidavit when assessing Defendants' Motions.

Defendants attach to their Motions: (1) a copy of the Deed of Trust recorded in Worcester County's land records, (Defs.' Mot. Ex. A); and (2) a copy of the deed to the Property, (Defs.' Mot. Ex. B).[9] Both of these documents are matters of public record. Accordingly, the Court will consider these documents to the extent they provide additional factual context for the allegations in the Complaints.

### ii. Amending Pleadings through Briefs

The Bells attempt to bring four new claims against Defendants in their Opposition. Specifically, they allege that Defendants: (1) violated the Fair Credit Reporting Act ("FCRA"); (2) committed mail fraud in violation of 18 U.S.C. § 1341 (2018) when they sent the Bells the Dunning Letter; (3) committed perjury in violation of 18 U.S.C. § 1621 (2018) when they submitted "false and misleading information" in the Affidavit; and (4) committed extortion under Md. Code Ann., Crim. Law § 3-706

---

[8] This is a nonexhaustive list of the documents the Bells attached to their Opposition. (See Pls.' Opp'n Ex. 1).

[9] Defendants also attach a print-out of the docket in the Foreclosure Action from Maryland Judiciary Case Search. (Defs.' Mot. Ex. C at 4–11). The Court has already taken judicial notice of the facts related to the Foreclosure Action. See supra, note 5.

(West 2019). (Pls.' Opp'n at 2, 5–7). The Bells are, however, "bound by the allegations contained in [their] complaint[s] and cannot, through the use of motion briefs, amend the complaint[s]." Zachair, Ltd. v. Driggs, 965 F.Supp. 741, 748 n.4 (D.Md. 1997) aff'd, 141 F.3d 1162 (4th Cir. 1998). Accordingly, the Court does not consider these claims.

### 3. Analysis

Defendants advance three main arguments in their Motions: (1) Mr. Bell lacks standing; (2) the Bells fail to state a claim or plausibly allege their claims; and (3) the Bells are not entitled to punitive damages.[10] The Bells counter that Mr. Bell has standing and that they have adequately pled their claims.[11] The Court agrees with Defendants' second argument. The Court addresses the Bells claims in turn.

#### i. FDCPA Claims

The Complaints allege that Defendants violated FDCPA §§ 1692e(2), 1692e(5), and 1692f.[12] (Compl. at 6). "The FDCPA protects consumers from abusive and deceptive

---

[10] BWW and Ward incorporate by reference Deutsche Bank and Ocwen's Motion in its entirety. (Defs.' Mot. Dismiss at 1, Bell II, ECF No. 7). Accordingly, the Court groups all Defendants together for the purposes of the analysis.

[11] The Bells also argue that Deutsche Bank and Ocwen's Motion is untimely. Specifically, the Bells contend that "Defendants" received their Complaint on April 27, 2018, and therefore the deadline for the Motion, in conformance with the Federal Rules of Civil Procedure, was May 17, 2018. (Pls.' Opp'n at 4–5). Although the Bells are correct that the Rules provide a twenty-one day deadline to answer or otherwise respond to a complaint, see Fed.R.Civ.P. 12(a)(1)(A)(i), they are mistaken about when Deutsche Bank and Ocwen were served. They were served on May 4, 2018, (see ECF No. 11), which made the deadline for their Motion May 25, 2018—and they filed their Motion on that date, (ECF No. 6). Deutsche Bank and Ocwen's Motion was therefore timely filed.

[12] The Bells do not specify the subsection of § 1692f Defendants allegedly violated.

practices by debt collectors . . . ." Stewart v. Bierman, 859 F.Supp.2d 754, 759 (D.Md. 2012). To state a claim under the FDCPA, plaintiffs must allege that: (1) "the plaintiff has been the object of collection activity arising from consumer debt"; (2) "the defendant is a debt [ ] collector as defined by the FDCPA"; and (3) "the defendant has engaged in an act or omission prohibited by the FDCPA." Sterling v. Ourisman Chevrolet of Bowie Inc., 943 F.Supp.2d 577, 585 (D.Md. 2013) (alteration in original) (quoting Stewart, 859 F.Supp.2d at 759–60).

Defendants argue that the Bells fail to allege sufficient facts to satisfy the elements of an FDCPA claim. The Bells counter that they have pled sufficient factual matter to state a plausible claim, and that the Dunning Letter and the Affidavit "show and prove [that Defendants] were in fact attempting to collect an unwarranted and disputed debt." (Pls.' Opp'n at 9). The Court agrees that the Bells fail to plausibly allege the third element as to each of their FDCPA claims.

### aa. § 1692e(2)

Section 1692e prohibits the use of "any false, deceptive, or misleading representation or means in debt collection and provides a non-exhaustive list of prohibited conduct." Sterling, 943 F.Supp.2d at 585 (quoting Stewart, 859 F.Supp.2d at 759). A misrepresentation must be "material" to violate § 1692e. Powell v. Palisades Acquisition XVI, LLC, 782 F.3d 119, 126 (4th Cir. 2014). Section 1692e(2) prohibits, in relevant part, the false representation of the "character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A).

With regard to § 1692e(2), the Bells allege that Defendants sent them "an erroneous and disputed demand for payment of an alleged debt obligation . . . attempting to enforce [the] Deed of Trust" in the amount of $192,029.79—the Dunning Letter.[13] (Compl. at 2). The Bells plead that the Dunning Letter contained "false and misleading information." (Id. at 8). The Bells do not, however, indicate what was false or misleading about the letter, let alone a misrepresentation that could be construed as "material." The Bells also plead that Defendants misrepresented that they have rights to the loan,[14] (id.), but do not allege any specific details as to why Defendants do not have rights to the loan. Such allegations fail to plausibly state an FDCPA claim. See Agomuoh v. PNC Fin. Servs. Grp., No. GJH-16-1939, 2017 WL 657428, at *13 (D.Md. Feb. 16, 2017) (dismissing FDCPA claim where the plaintiff only alleged that the defendant fraudulently concealed or misrepresented the ownership of the debt); Hill v. Wilmington Fin., Inc., No. 13–cv–524–RWT, 2013 WL 4659704, at *4–5 (D.Md. Aug. 29, 2013) (dismissing FDCPA claim where the plaintiff alleged that the defendant failed to provide him with

---

[13] In the FDCPA Count, the Bells plead that Defendants mailed a dunning letter dated June 8, 2011 that contained "false and misleading information." (Compl. at 8). The Complaint makes no other references to a June 8, 2011 letter. In the Statement of Facts, the Bells allege that Defendants sent them the Dunning Letter on August 22, 2017, (id. at 2), and the letter the Bells attached to their Opposition is dated August 22, 2017, (Pl.'s Opp'n Ex. 1 at 1). Accordingly, construing the Complaints liberally, the Court considers the FDCPA claims as relating to the August 22, 2017 Dunning Letter.

[14] Many of the Bells' factual allegations pertain to Defendants' standing to collect on the Loan. They plead that they have "reason to believe, based on widely publicized practices of banks . . . that no instrument exists wherein [they] can be shown to have an obligation to Defendants" and that the Bells "cannot be sure, absent proof, that Defendants have authority to collect said debt." (Compl. at 5–6).

proof of ownership of the debt and the complaint lacked "specific allegations concerning the time, dates, conduct, or actors involved in any violation of the FDCPA").

In addition, the Bells state that Defendants "failed to itemize the various charges that comprised the total amount of the alleged debt" and did not "clearly and fairly communicate information about the amount of the alleged debt," including "add-on expenses like attorneys' fees or collection costs." (Compl. at 8). But the Complaints lack any factual allegations regarding the attorneys' fees and collection costs, if any, that Defendants misrepresented. These conclusory allegations are insufficient to state a claim under § 1692e(2). See Harris v. Britto, No. PJM 17-2885, 2018 WL 2045532, at *5 (D.Md. May 2, 2018) (dismissing the plaintiff's claim under § 1692e(2) because her "purely conclusory allegations" that Defendants "falsified the Note," which she argued constituted a "misrepresentation," "offer[ed] no specific details regarding [her] debt").

The Court, therefore, concludes that the Bells fail to plausibly plead a claim under § 1692e(2) of the FDCPA.

### bb. § 1692e(5)

Section 1692e(5) protects consumers from a "[t]hreat to take any action that cannot legally be taken or that is not intended to be taken." The United States Court of Appeals for the Fourth Circuit applies a "least sophisticated debtor" standard to evaluate violations of § 1692e(5). See Nat'l Fin. Servs., 98 F.3d at 136.

The Bells also fail to provide sufficient factual allegations that, if proven, plausibly state a claim against Defendants under § 1692e(5). They plead that Defendants violated § 1692e(5) "by making direct, indirect, and valid threats of dire consequences."

(Compl. at 8). The Bells do not provide any specifics regarding the threats. Such conclusory allegations are not sufficient to state a claim. Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). Further, the Dunning Letter does not contain any statements that could be construed as threats. (See Pl.'s Opp'n Ex. 1 at 1). It simply requests payment of the remaining balance on the Loan and informs the Bells of their rights to dispute the validity of the debt. (See id.).

Thus, the Court concludes that the Bells fail to plausibly state a claim under § 1692e(5) of the FDCPA.

### cc. § 1692f

Section 1692f prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. Here, the Complaints are devoid of facts that would allow the Court to infer that Defendants employed an unfair or unconscionable means to collect the Bells' debt in violation of § 1692f. Indeed, the Bells rely on the same scant facts they allege violated § 1692e. This is not sufficient to state a claim under § 1692f. See Lembach v. Bierman, 528 F.App'x 297, 304 (4th Cir. 2013) ("Because the [plaintiffs] rely on conduct that is covered by § 1692e and do not allege any separate or distinct conduct to support a § 1692f violation, their claim fails . . . .").

In sum, the Bells' conclusory allegations are devoid of any factual matter that would allow the Court to reasonably infer that Defendants engaged in conduct that violated the FDCPA. Accordingly, the Court will grant Defendants' Motion as to the Bells' FDCPA claims.

### ii. Negligence Claim

Under Maryland law, to state a claim for negligence, the plaintiffs must allege: (1) "a duty owed by the defendant[s] to the plaintiff"; (2) "a breach of that duty"; and (3) "injury proximately resulting from that breach." Shilling v. Thomas, No. PWG-16-2696, 2017 WL 1035854, at *6 (D.Md. Mar. 16, 2017) (alteration in original) (quoting Barclay v. Briscoe, 47 A.3d 560, 574 (Md. 2012)). Without a duty, "there can be no negligence." Id. (quoting Premium of America, LLC v. Sanchez, 73 A.3d 343, 354 (Md.Ct.Spec.App. 2013)). As a result, "when analyzing a negligence action it is customary to begin with whether a legally cognizable duty exists." Id. (internal quotation marks omitted) (quoting Premium, 73 A.3d at 354).

In Maryland, under most circumstances, a lender does not owe a borrower a duty. Ramirez v. Wells Fargo Bank, N.A., No. PWG-14-3819, 2015 WL 5052787, at *2 (D.Md. Aug. 25, 2015). The Maryland Court of Special Appeals has, however, recognized four "special circumstances" that may give rise to a tort duty between a bank and its borrowers. Donnelly v. Branch Banking & Tr. Co., 91 F.Supp.3d 683, 695 (D.Md. 2015) (citing Parker v. Columbia Bank, 604 A.2d 521, 533 (Md.Ct.Spec.App. 1992). The four special circumstances occur when the lender: (1) "took on any extra services on behalf of [the borrowers] other than furnishing the money for construction of a home"; (2) "received any greater economic benefit from the transaction other than the normal mortgage"; (3) "exercised extensive control over the construction"; or (4) "was asked by [the borrowers] if there were any lien actions pending." Id. (alterations in original) (quoting Parker, 604 A.2d 521 at 533).

Here, the Bells' negligence claim against Defendants fails for at least two reasons. First, they do not allege that Defendants owed them a specific duty of care. Indeed, the bulk of the Bells' negligence claim is devoted to alleging that Defendants do not have standing to collect the balance of the loan and, as a result, "falsely demand[ed] payment" from them. (Compl. at 9). Second, they do not plead any of the special circumstances necessary to impose a duty of care on Deutsche Bank. Because the Bells fail to allege Defendants owed them a duty of care, the Court will grant Defendants' Motion as to this claim.

### iii. Fraudulent Concealment and Fraud in the Inducement Claims

The Bells' fraudulent concealment and fraud in the inducement claims also fail. Rule 9(b) of the Federal Rules of Civil Procedure requires a party alleging fraud to "state with particularity the circumstances constituting fraud." Fed.R.Civ.P. 9(b). These circumstances include "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 784 (4th Cir. 1999) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure: Civil § 1297, at 590 (2d ed. 1990)).

Here, the Bells fail to plead the requisite facts with particularity. With regard to their fraudulent concealment claim, the Bells merely state that "Defendants concealed the fact that the Loans were securitized as well as the terms of the securitization Agreements." (Compl. at 9). Similarly, in their fraud in the inducement claim, the Bells plead that "Defendants misrepresented that they are 'holder and owner' of the Note and

15

the beneficiary of the Deed of Trust" and that their "failure to disclose the material terms of the transaction induced [the Bells] to enter into the loans and accept the [s]ervices alleged therein." (Id. at 10). The Bells do not specify which of Defendants engaged in this conduct, or when or where the conduct occurred. The Court, therefore, concludes that the Bells fail to plead their fraudulent concealment and fraud in the inducement claims with requisite particularity. See Johnson v. Dore, No. 12-CV-3394-RWT, 2013 WL 5335626, at *3 (D.Md. Sept. 20, 2013) (dismissing the plaintiff's fraud and fraud-related claims because she failed to plead the claims with the particularity Rule 9(b) requires). Accordingly, the Court will grant Defendants' Motions as to these Counts.

### iv. Slander of Title Claim

Under Maryland law, in an action for slander of title, the plaintiffs must allege that the defendants published, with malice, a "matter derogatory to the plaintiff[s'] title to [their] property, or its quality," that was "calculated to prevent others from dealing with [them], or otherwise to interfere with [their] relations with others to [their] disadvantage." Nat'l Bd. for Certification in Occupational Therapy, Inc. v. Am. Occupational Therapy Ass'n, 24 F.Supp.2d 494, 511 n.27 (D.Md. 1998) (quoting Horning v. Hardy, 373 A.2d 1273, 1278 (Md.Ct.Spec.App. 1977)). The plaintiffs must also establish that the publication "played a material and substantial part in inducing others not to deal with [them], and that as a result [they] ha[d] suffered special damage." Redmonds Enter., Inc. v. CSX Transp., Inc., No. CCB-16-3943, 2018 WL 3611049, at *4 (D.Md. July 27, 2018) (quoting Nat'l Bd. for Certification, 24 F.Supp.2d at 511 n.27).

16

Here, the Bells plead that Defendants disparaged their "exclusive valid title" by "preparing, posting, publishing, and recording" documents related to the Foreclosure Action. (Compl. at 11). They allege that Defendants' slander of their title was "made to the world at large," and that it was made with "malicious intent." (Id.). The Bells fail to allege, however, that any individual or entity did not deal with them as a result of Defendants' alleged disparaging documents. Consequently, the Bells' slander of title claim fails. The Court will, therefore, grant Defendants' Motions as to this Count.

    v.    **TILA Claim**

The Bells allege that they are entitled to rescind the Loan under TILA because "the initial disclosures do not include TILA disclosures" and Defendants "failed to properly disclose the details of the [L]oan." (Compl. at 12). Defendants argue that TILA's statute of limitations bars the Bells' recession claim. The Court agrees with Defendants.

TILA has a three-year statute of limitations for rescission claims when a lender fails to provide necessary disclosures.[15] 15 U.S.C. § 1635(f); Truth in Lending (Regulation Z), 12 C.F.R. § 1026.23(a)(3)(i) (2019). Here, Ms. Bell consummated the Loan on September 13, 2006. The Bells filed this lawsuit on April 13, 2018—well past the three-year deadline for rescinding the Loan. Thus, the Court concludes that the Bells'

---

[15] TILA also provides a three-day right to cancel or rescind a loan under certain circumstances. See 15 U.S.C. § 1635(a); Truth in Lending (Regulation Z), 12 C.F.R. § 1026.23(a)(3)(i) (2019). The Bells do not allege that they attempted to rescind the Loan within the three days after closing on the Loan.

TILA rescission claim is time-barred.[16] Accordingly, the Court will grant Defendants' Motions as to this Count.

### vi. Declaratory Relief Claim

In their remaining Count, the Bells seek declaratory relief, including "a determination of whether any Defendants have authority to foreclose on the Property. (Compl. at 12). Because the Court will dismiss the other six Counts, the Court must dismiss this one as well. See, e.g., Univ. Gardens Apts. Joint Venture v. Johnson, 419 F.Supp.2d 733, 742 (D.Md. 2006) (noting that nothing in the Declaratory Judgment Act or Rule 65 "provide a basis for an independent claim" where the court does not "otherwise have a valid cause of action before it").

In sum, the Court concludes that the Bells fail to state a claim or fail to plausibly allege each of the Counts in both Complaints. Accordingly, the Court will grant Defendants' Motions.

### III. CONCLUSION

For the foregoing reasons, the Court will grant Deutsche Bank and Ocwen's Motion to Dismiss the Complaint with Prejudice (ECF No. 6) and BWW and Ward's Motion to Dismiss (Bell II, ECF No. 7). The Court will deny the Bells' Motion for Leave

---

[16] The Bells also do not address Defendants' argument, nor do they mention the TILA claim in their Opposition. The Court, therefore, considers this claim abandoned. See Muhammad v. Maryland, No. ELH-11-3761, 2012 WL 987309, at *1 n.3 (D.Md. Mar. 20, 2012) ("[B]y failing to respond to an argument made in a motion to dismiss, a plaintiff abandons his or her claim.").

to File Surreply (ECF No. 16). The Court will also deny as moot the Bells' Motion to Consolidate (ECF No. 13). A separate Order follows.

Entered this 25th day of January, 2019.  /s/
_____
George L. Russell, III
United States District Judge